IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **ALEJANDRINA PEREZ TRUJILO AND JACINTO DE LA GARZA, JOINTLY AND AS REPRESENTATIVES OF THE ESTATE OF JACINTO DE LA GARZA, DECEASED**<br><br>*Plaintiffs*,<br><br>V.<br><br>**THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, THE GIB LEWIS UNIT, CODY DEGLANDON, INDIVIDUALLY, AND SARGENT DANNA WARREN, INDIVIDUALLY**<br><br>*Defendants.* | CIVIL ACTION NO.: _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

**ALEJANDRINA PEREZ TRUJILO AND JACINTO DE LA GARZA, JOINTLY AND AS REPRESENTATIVES OF THE ESTATE OF JACINTO DE LA GARZA, DECEASED,** COMPLAIN OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, THE GIB LEWIS UNIT, CODY DEGLANDON, INDIVIDUALLY AND SARGENT DANNA WARREN, INDIVIDUALLY, AND WOULD RESPECTFULLY SHOW THE COURT THE FOLLOWING:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the federal claims of Plaintiffs in this action, under 28 U.S.C 42 §§ 1331 and 1343, U.S.C. §§ 1983 and 1988, the First, Fourth and Fourteenth Amendments to the U.S. Constitution. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they are based on the same operative facts.

2. Venue is proper in this Court pursuant to 28 USC § 1391(b) as all material facts out of which this suit arises occurred within the Eastern District of Texas, Tyler Division.

## PARTIES

3. Plaintiffs ALEJANDRINA PEREZ TRUJILLO and JACINTO DE LA GARZA are citizens of this state and reside in Hidalgo County, Texas, and are the representatives of the estate of the decedent, Jacinto de la Garza.

4. Defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE is a governmental body existing under the laws of the State of Texas and may be served with process by serving Texas Department of Criminal Justice, special attention to Bryan Collier, Executive Director, 209 West 14th Street, 5th Floor, Price Daniel Building, Austin, TX 78701.

5. Defendant GIB LEWIS UNIT is a governmental body existing under the laws of the State of Texas and may be served with process by serving Texas Department of Criminal Justice, special attention to Bryan Collier, Executive Director, 209 West 14th Street, 5th Floor, Price Daniel Building, Austin, TX 78701.

6. Cody DeGlandon, Individually, (hereinafter, "DeGlandon"), at all relevant times was an employee of the Texas Department of Criminal Justice with the Gib Lewis Unit and can be served with process at: Texas Department of Criminal Justice, special attention to Bryan Collier, Executive Director, 209 West 14th Street, 5th Floor, Price Daniel Building, Austin, TX 78701.

7. Sargent Danna Warren, Individually, (hereinafter, "Warren"), at all relevant times was an employee of the Texas Department of Criminal Justice with the Gib Lewis Unit and can be served with process at: Texas Department of Criminal Justice, special attention to Bryan Collier, Executive Director, 209 West 14th Street, 5th Floor, Price Daniel Building, Austin, TX 78701.

## FACTS

8. On or about November 11, 2021, a fire ignited in the cell of Jacinto De La Garza, an inmate at the Gib Lewis correctional facility.

9. The guard on duty, Cody DeGlandon ("DeGlandon"), noticed the fire and thereafter requested help from his supervisors.

10. However, and as reported on the front page of the Houston Chronicle (attached hereto as Exhibit A), DeGlandon's supervisors instructed him to let the fire continue to burn, and DeGlandon did exactly that. As such, Jacinto De La Garza remained locked in his burning cell. Naturally, the fire strengthened and the smoke thickened. *See* Keri Blakinger, *Despite warnings, 2 men die in prison fires*, HOUS. CHRON., May 9, 2022, at 1.[1]

11. Fellow inmantes began shouting and banging to get the attention of DeGlandon, at which point, DeGlandon again notified his supervisors of the situation. *Id*.

12. Thereafter, Sargent Warren arrived to the scene and stated "I don't care if he [Jacinto De La Garza] dies," and kept Jacinto De La Garza locked in his cell. *Id*. By this point, the fire had been burning for approximately thirty minutes. *Id*.

13. An unidentified inmate repeatedly pressed the emergency button to alert the other guards and/or medical personnel of the situation, but no one arrived to assist Jacinto De La Garza or the other inmates who were inhaling the smoke.

14. DeGlandon notified his supervisors of the situation a third time, at which point, approximately forty-five minutes had elapsed since the fire started. *Id*.

15. At this point, a few guards opened the cell door and pulled Jacinto De La Garza's lifeless body out of his cell. *Id*.

---

[1] Attached hereto as Exhibit A.

16. The family of Jacinto De La Garza was informed of his death over the phone and scant information was provided to the family about the surrounding circumstances of the death.

17. As of the date of this filing, the family of Jacinto De La Garza has not received an explanation regarding the cause of death, nor has the family received the autopsy report or medical file of Jacinto De La Garza.

## CAUSES OF ACTION

A. *Count 1 – Failure to Protect in violation of the Fourth and Fourteenth Amendments to the Constitution – Episodic Acts and Omissions (42 U.S.C. § 1983) against Defendant DeGlandon in his individual capacity.*

21. Plaintiffs re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

22. DeGlandon engaged in a deliberate and an outrageous invasion of Jacinto De La Garza's rights that shocks the conscious and violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.[2]

---

[2] The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> *Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges, immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.*

The 4th Amendment to the United States Constitution provides:

23. Acting under color of law and within the scope of his employment with the Texas Department of Criminal Justice and the Gib Lewis Unit, DeGlandon was deliberately indifferent to Jacinto De La Garza's needs and constitutional rights when he committed the various acts and omissions described above.

24. Specifically, DeGlandon was aware of, and acted with deliberate indifference to, the substantial risk of serious harm to Jacinto De La Garza by keeping him locked in a burning jail cell for nearly one hour.

25. Jacinto De La Garza was in DeGlandon's care, control, and custody as an inmate of the Gib Lewis correctional facility. Defendant DeGlandon' intentional acts and deliberate indifference resulted in violations of Jacinto De La Garza's civil rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and resulted in the deprivation of Jacinto De La Garza's right to be secure in his person and deprivation of life and liberty without due process guaranteed to him, rendering DeGlandon liable under 42 U.S.C. § 1983.

---

> *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

The 14th Amendment to the United States Constitution provides:

> *No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

26. As a direct and proximate result of DeGlandon acts, which were so outrageous in character and extreme in degree to be utterly intolerable in a civilized community, Jacinto De La Garza suffered unimaginable pain and suffering leading up to his death, and Plaintiffs suffered severe emotional distress and were damaged thereby.

27. Defendant DeGlandon acted intentionally, maliciously, oppressively and in reckless disregard for Jacinto De La Garza's constitutional rights, thereby entitling Plaintiffs to an award of punitive damages against DeGlandon.

**B.    Count 2 – Failure to Protect in violation of the Fourth and Fourteenth Amendments to the Constitution – Episodic Acts and Omissions (42 U.S.C. § 1983) against Defendant Sargent Warren in her individual capacity.**

28. Plaintiffs re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

29. Sargent Warren engaged in a deliberate and an outrageous invasion of Jacinto De La Garza's rights that shocks the conscious and violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.[3]

30. Acting under color of law and within the scope of her employment with the Texas Department of Criminal Justice and the Gib Lewis Unit, Sargent Warren

---

[3] *See* 42 U.S.C. § 1983 and the 4th and 14th Amendments to the United States Constitution, *supra* note 2.

was deliberately indifferent to Jacinto De La Garza's needs and constitutional rights when she committed the various acts and omissions described above.

31. Specifically, Sargent Warren was aware of, and acted with deliberate indifference to, the substantial risk of serious harm to Jacinto De La Garza by instructing her subordinate to keep Jacinto De La Garza locked in a burning jail cell for nearly one hour. Furthermore, when Sargent Warren finally decided to visit the vicinity of the burning cell, various inmates and guards heard her state, "I don't care if he [Jacinto De La Garza] dies," and kept Jacinto De La Garza locked in his burning cell.

32. Jacinto De La Garza was in Sargent Warren's care, control, and custody as an inmate of the Gib Lewis correctional facility. Defendant Sargent Warren's intentional acts and deliberate indifference resulted in violations of Jacinto De La Garza's civil rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and resulted in the deprivation of Jacinto De La Garza's right to be secure in his person and deprivation of life and liberty without due process guaranteed to him, rendering Sargent Warren liable under 42 U.S.C. § 1983.

33. As a direct and proximate result of Sargent Warren's acts, which were so outrageous in character and extreme in degree to be utterly intolerable in a civilized community, Jacinto De La Garza suffered unimaginable pain and suffering

leading up to his death, and Plaintiffs suffered severe emotional distress and were damaged thereby.

34. Defendant Sargent Warren acted intentionally, maliciously, oppressively and in reckless disregard for Jacinto De La Garza's constitutional rights, thereby entitling Plaintiffs to an award of punitive damages against Sargent Warren.

C. **Count 3 – Failure to Protect in violation of the Fourth and Fourteenth Amendments to the Constitution – Episodic Acts and Omissions Reflecting State Policy (42 U.S.C. § 1983) against Defendants the Texas Department of Criminal Justice and the Gib Lewis Unit.**

35. Plaintiffs re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

36. By reason of the foregoing, Jacinto De La Garza was deprived of his rights, remedies, privileges and immunities guaranteed to every citizen of the United States, including, but not limited to, the right provided through the Fourteenth Amendment of the United States Constitution not to be deprived of liberty without due process of law.[4]

37. Acting under color of law and within the scope of his employment with the Texas Department of Criminal Justice and the Gib Lewis Unit, DeGlandon was deliberately indifferent to Jacinto De La Garza's needs and constitutional rights

---

[4] *See* 42 U.S.C. § 1983 and the 4th and 14th Amendments to the United States Constitution, *supra* note 2.

when he committed the various acts and omissions described above. Specifically, DeGlandon was aware of, and acted with deliberate indifference to, the substantial risk of serious harm to Jacinto De La Garza by keeping him locked in a burning jail cell for nearly one hour.

38. Acting under color of law and within the scope of her employment with the Texas Department of Criminal Justice and the Gib Lewis Unit, Sargent Warren was deliberately indifferent to Jacinto De La Garza's needs and constitutional rights when she committed the various acts and omissions described above. Specifically, Sargent Warren was aware of, and acted with deliberate indifference to, the substantial risk of serious harm to Jacinto De La Garza by instructing her subordinate to keep Jacinto De La Garza locked in a burning jail cell for nearly one hour.

39. The actions and omissions of both Defendants DeGlandon and Sargent Warren resulted from, and are evidence of, the customs and practices of the Texas Department of Criminal Justice and the Gib Lewis Unit, including:

- failure to adequately supervise inmates or otherwise ensure their safety, including through the failure to enforce jail policies relating to inmate safety;
- failure to properly train, hire, control, discipline, including firing, and supervising employees;
- failure to train and supervise staff regarding the policies, procedures, practices and customs of the Texas Department of Criminal Justice and the Gib Lewis Unit;
- condoned, or showed indifference to improper policies or customs;

- failure to follow state and federal laws and regulations with regard to the inmate population generally and specifically with respect to Jacinto De La Garza;
- failure to follow their own written policies and procedures and those of the State of Texas and other authorities on standards of care and emergency protocols; and
- continued such practices of improper policies or customs as to constitute custom representing policy.

40. The Texas Department of Criminal Justice and the Gib Lewis Unit are liable for the conduct of Defendants because Defendants DeGlandon and Sargent Warren's actions were the result of their custom and practice of failing to enforce their policies regarding inmate safety. Moreover, the actions of Defendants are not reasonably related to any legitimate governmental objective, their actions evidence the objective deliberate indifference of the Texas Department of Criminal Justice and the Gib Lewis Unit to Jacinto De La Garza's constitutional rights, and caused constitutional injuries and physical harm to Jacinto De La Garza.[5]

---

[5] The liability of the Texas Department of Criminal Justice and the Gib Lewis Unit is not predicated on the assumption that Defendants DeGlandon and Sargent Warren are policymakers. Rather, liability is predicated on the actions and omissions of Defendants DeGlandon and Sargent Warren, which resulted from the Texas Department of Criminal Justice and the Gib Lewis Unit's custom and practice of failing to adequately supervise inmates or otherwise ensure their safety. *Sanchez v. Young County, Texas*, 866 F.3d 274, 280 (5th Cir. 2017), cert. denied sub nom. *Sanchez v. Young County*, Tex., 139 S. Ct. 126, 202 L. Ed. 2d 198 (2018) ("A government entity may incur Section 1983 liability for episodic acts and omissions injurious to a pretrial detainee if plaintiffs first prove that County officials, acting with subjective deliberate indifference, violated her constitutional rights; and plaintiffs then establish that the County employees' acts resulted from a municipal policy or custom adopted with objective indifference to the detainees constitutional rights.") *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) (To establish municipal liability in an episodic-act case, a plaintiff must show "(1) that the municipal employee violated the pretrial detainee's clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference.").

41. The Texas Department of Criminal Justice and the Gib Lewis Unit's custom and practice of failing to adequately supervise inmates or otherwise ensure their safety, including through failure to enforce jail policies, was the moving force behind Jacinto De La Garza's constitutional injuries. As a proximate result of the Texas Department of Criminal Justice and the Gib Lewis Unit's custom and practice, Defendants DeGlandon and Sargent Warren were enabled to violate Jacinto De La Garza's right to reasonable safety while in government custody guaranteed by the Fourth and Fourteenth Amendments.

42. Through these actions, the Texas Department of Criminal Justice and the Gib Lewis Unit intentionally, and with deliberate indifference, deprived Jacinto De La Garza of his clearly established federal constitutional rights. Consequently, Jacinto De La Garza suffered violations of his constitutional rights, as well as physical injury, mental anguish and emotional distress, and Plaintiffs suffered severe emotional distress and were damaged thereby.

D. **Count 4 – Deprivation of Jacinto De La Garza's Right to Reasonable Safety pursuant to the Fourteenth Amendment of the Constitution – Conditions of Confinement (42 U.S.C. § 1983) against Defendants the Texas Department of Criminal Justice and the Gib Lewis Unit.**

43. Plaintiffs re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

44. By reason of the conduct described herein, Jacinto De La Garza was deprived of his rights, remedies, privileges and immunities guaranteed to every

citizen of the United States, including, but not limited to, the rights provided through the Fourteenth Amendment of the United States Constitution to reasonable safety and to be secure in basic human needs while in state custody.[6]

45. The Texas Department of Criminal Justice and the Gib Lewis Unit are liable for the conduct of Defendants DeGlandon and Sargent Warren because their actions were the result of the Texas Department of Criminal Justice and the Gib Lewis Unit's custom and practice of failing to adequately supervise inmates or otherwise ensure their safety, including through failure to enforce jail policies relating to inmate safety, standard of care and emergency protocols and by their failure to properly train, hire, control, and discipline employees.

46. Defendants DeGlandon and Sargent Warren deliberately left Jacinto De La Garza locked inside his burning cell, which is merely one example of the extended and pervasive pattern of disregard of inmate safety, of which the Texas Department of Criminal Justice and the Gib Lewis Unit knew but ignored. Rather than take affirmative steps to prevent injury to or ensure the safety of Jacinto De La Garza, Defendants DeGlandon and Sargent Warren failed to act and/or took ineffectual actions under the circumstances.

---

[6] *See* 42 U.S.C. § 1983 and the 4th and 14th Amendments to the United States Constitution, *supra* note 2.

47. The Texas Department of Criminal Justice and the Gib Lewis Unit tolerated violations of its policies, including repeated acts and omissions by Defendants DeGlandon and Sargent Warren and other detention officers that were so pervasive they reflected an intended policy or practice of the Texas Department of Criminal Justice and the Gib Lewis Unit.

48. Further, the Texas Department of Criminal Justice and the Gib Lewis Unit's custom and practice of custom and practice of failing to adequately supervise inmates or otherwise ensure their safety, including through failure to enforce jail policies relating to inmate safety, standard of care and emergency protocols and by their failure to properly train, hire, control, and discipline employees, is not reasonably related to any legitimate governmental objective and caused constitutional injuries and physical harm to Jacinto De La Garza.

49. As a proximate result of the Texas Department of Criminal Justice and the Gib Lewis Unit's custom and practice, the Texas Department of Criminal Justice and the Gib Lewis Uni enabled DeGlandon and Sargent Warren to disregard emergency situations, including deliberately leaving Jacinto De La Garza locked inside his burning cell, in violation of Jacinto De La Garza's right to reasonable safety while in government custody guaranteed by the Fourteenth Amendment. Consequently, Jacinto De La Garza suffered violations of his constitutional rights,

as well as physical injury, mental anguish and emotional distress, and Plaintiffs suffered severe emotional distress and were damaged thereby.

### E.   Count 5 – Premises Liability against Defendants the Texas Department of Criminal Justice and the Gib Lewis Unit.

50. The Texas Tort Claims Act ("TTCA") provides a limited waiver of the state's immunity from suit for certain negligent acts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 and § 101.022; *see also Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). Specifically, the TTCA waives the state's immunity for personal injuries or death caused by: (1) operation or use of publicly owned motor-driven vehicles or motor-driven equipment; (2) a condition or use of tangible personal property; and (3) premises defects. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 and § 101.022.

51. In the case at bar, the Texas Department of Criminal Justice and the Gib Lewis Unit waived the state's immunity from suit by causing Jacinto De La Garza's death through various premise defects.

52. In premise defects cases, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a).

53. A licensee must prove the following to establish the breach of duty owed to him: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not

actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 389 (Tex. 2016).

54. At the time of the incident, Jacinto De La Garza was an invitee and therefore, the Texas Department of Criminal Justice and the Gib Lewis Unit owed Jacinto De La Garza a duty to exercise ordinary care, including the duty to warn a licensee of, or to make reasonably safe, a dangerous condition of which the Texas Department of Criminal Justice and the Gib Lewis Unit was aware of. The dangerous conditions include:

- inadequate alarm systems, including by completely lacking fire alarms or having fire alarm systems that do not function properly;
- not having power going to the fire alarms in many housing areas;
- failing to install sprinklers;
- failing to install smoke detectors;
- having electrical violations in every unit;
- failing to inspect and/or test for fire doors; and
- having smoke detectors that do not function properly.

55. The Texas Department of Criminal Justice and the Gib Lewis Unit knew of these conditions, which are listed in the fire safety inspection reports of the facility at issue. Moreover, Defendants knew that these conditions presented a dangerous hazard and an unreasonable risk of harm to the inmates. Nonetheless, Defendants failed to exercise ordinary care to protect inmates from these dangerous

conditions, despite knowledge of these conditions for years.

56. Such indifference and failure of Defendants to act proximately caused the incident made the basis of this suit, and as a result thereof, Jacinto De La Garza suffered physical injury, mental anguish and emotional distress, and Plaintiffs suffered severe emotional distress and were damaged thereby.

## DAMAGES

57. Based upon the operative facts plead above, such acts and omissions rise to the level of deliberate indifference and conscious indifference constituting a violation of the Fourth and Fourteenth Amendments of the Constitution of the United States for which Plaintiffs seek recovery.

58. Each and every of the foregoing acts and omissions on the part of Defendants, taken separately and/or collectively, jointly, and severally, constitute a direct and proximate cause of the injuries and damages set forth herein. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiffs suffered, and will continue to suffer damages in an amount to be proved at trial.

59. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiffs suffered, and will continue to suffer, generally mental and psychological damages in the form of extreme and enduring grief, suffering, pain,

mental anguish, and emotional distress in amounts within the jurisdictional limits of this Court, to be proved at trial.

60. Defendants are vicariously liable for their employees, supervisors, officials, representatives, and all those acting in concert with them.

61. Plaintiffs are entitled to reasonable attorneys' fees and costs of suit as provided for by 42 U.S.C. § 1988(b). Plaintiffs request that the Court and jury award their attorneys' fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

A. Enter a declaratory judgment that the policies, practices, acts, and omissions complained of herein violated the rights of Jacinto De La Garza;
B. Award compensatory damages for Plaintiffs against Defendants, jointly and severally;
C. Award punitive damages against all individually named Defendants;
D. Award reasonable attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against Defendants, jointly and severally pursuant to 48 U.S.C. § 1988;
E. Award pre- and post-judgement interest;
F. Award costs of court;
G. Retain jurisdiction over Defendants Texas Department of Criminal Justice and the Gib Lewis Unit until such time that the Court is satisfied that Defendants' unlawful policies, practices, acts, and omissions no longer exist and will not recur; and
H. Grant such other and further relief as appears reasonable and just, to which, Plaintiffs show themselves entitled.

*[signature on next page]*

Respectfully submitted,

**SORRELS LAW**

*/s/ Randall O. Sorrels*
Randall O. Sorrels (Attorney-in-Charge)
Fed. Bar No. 11115
Ruth I. Rivera
Fed. Bar No. 3354926
5300 Memorial Drive, Suite 270
Houston, Texas 77007
T: (713) 496-1100
F: (713) 238-9500
randy@sorrelslaw.com
ruth@sorrelslaw.com
eservice@sorrelslaw.com
***Attorneys for Plaintiffs***